## WESTERN RESERVE LIFE INSURANCE COMPANY *v.* AULT, ADMINISTRATOR.

[No. 11,148.  Filed January 3, 1923.  Rehearing denied May 31, 1923.  Transfer denied October 11, 1923.]

1. INSURANCE.— *Life Insurance.— Truth of Representations.— Jury Questions.*—In an action on a life policy, which provided that the statements of the insured in his application concerning his health and attending physicians must be considered as representations and not warranties, the question whether representations were fraudulently made, is for the jury.  p. 384.

2. INSURANCE.—*Life Insurance.—Falsity of Answers.—Burden of Proof.*—In an action on a life policy which provided that statements made by the insured in the application should be deemed representations and not warranties, the burden of alleging and proving the alleged fraudulent character of the statements is on the insurer.  p. 384,

From Delaware Circuit Court; *William A. Thompson,* Judge.

Action by Thomas J. Ault, administrator, against the Western Reserve Life Insurance Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Orr & Clark,* for appellant.

*McClellan, Hensel & Guthrie* and *Leffler, Ball & Leffler,* for appellee.

McMAHAN, J.—Action by appellee to recover upon a life insurance policy issued by appellant upon the life of appellee's decedent. The application for such policy was signed October 31, 1919. The policy, dated November 4, 1919, was delivered to the insured November 7, 1919. The insured died December 27, 1919. A trial was had before a jury and resulted in a verdict and judgment against appellant. The only error assigned relates to the action of the court in overruling the motion for a new trial.

Appellant's contentions that the verdict is not sustained by sufficient evidence and that it is contrary to law will be considered together. Appellant insists that the uncontradicted evidence shows the insured was afflicted with a permanent heart trouble, chronic indigestion and stomach trouble for a long time prior to the time when he applied for the policy of insurance which is the basis of this action; that said ailments were the proximate causes of his death; that the insured had been advised of these ailments by his physician prior to making his application and with knowledge of his condition he fraudulently stated in his application that he was in good health, was not suffering from any disease; that he was asked to give the names of all the physicians who had treated him within a certain period

of years and that he untruthfully and fraudulently answered such question and did not give the name of every physician who had treated him during the period inquired about. The policy provides that: "All statements by the insured in said application shall, in the absence of fraud, be deemed representations and not warranties." Under this provision the statements of the insured in his application concerning his health and attending physicians must be considered as representations unless they were fraudulently made. The 1, 2. question as to whether such statements were fraudulently made was a question of fact for the jury. The burden of alleging and proving the alleged fraudulent character of the statements was on appellant. *Mutual Life Ins. Co.* v. *Hoffman* (1921), 77 Ind. App. 209, 133 N. E. 405.

The jury both by the general verdict and in answer to interrogatories found that the insured was not guilty of any fraud in making the statements and that such statements were substantially true. Nothing can be gained by entering into a discussion of the evidence. It suffices to say that the evidence is sufficient to sustain the verdict. Appellant undoubtedly had reason to believe it had been imposed upon and was justified in its action in refusing to pay the amount called for by the policy, but the evidence is not of such a character as to make the question of fraud a matter of law. We cannot disturb the verdict on the ground that it is not sustained by the evidence or because it is contrary to law.

Appellant also complains of the action of the court in giving two certain instructions. These instructions are not subject to the objections urged against them. There was no error in giving either of them.

Judgment affirmed.